IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LISA DIANE HARVEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:24-cv-301-MHT-SMD |
| | ) | |
| WERNER ENTERPRISES, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pro se Plaintiff Lisa Diane Harvey ("Harvey") filed a complaint (Doc. 1) against Defendant Werner Enterprises ("Werner") alleging discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. Before the Court is Werner's Motion to Dismiss (Doc. 15) and brief in support (Doc. 16) thereof. For the following reasons, the undersigned recommends that Werner's motion be granted and that Harvey be allowed to file an amended complaint.

**I.    HARVEY'S FACTUAL ALLEGATIONS & CLAIMS**

The factual basis for Harvey's Title VII claim is unclear. As best the undersigned can tell, Harvey alleges that, on December 27, 2023, she fell backwards from the top of a ladder while at work. Compl. (Doc. 1) p. 1. Werner placed her on workers' compensation due to the injury. *Id*. The day prior to the accident, Harvey had a doctor's appointment and was scheduled for surgery on February 6, 2024. *Id*. On January 2, 2024, Sherri Willis, an HR representative for Werner, emailed Harvey asking "about the illness to [her] left

thumb" and whether it was part of her workers' compensation claim. *Id*. Willis informed

Harvey that, in order for her to return to work, Werner "had to be released." *Id*.

On March 16, 2024, Harvey received notification from the insurance company that

Werner informed them on March 11, 2024, that she had been terminated. *Id*. On March 14,

2024, Harvey had a follow-up appointment from her surgery and was released to "light

duty." *Id*. The doctor's office sent the release paperwork to Werner, but an individual

named Joe Bloomingdale from Werner told Harvey he never received the paperwork. *Id*.

Harvey returned to the doctor's office and completed the paperwork again. *Id*. She then

called Werner "to clarify the paperwork." *Id*. Harvey eventually filed for unemployment

compensation after waiting and not hearing back from Werner. *Id*.

On March 29, 2024, Harvey received a letter from Werner stating that she had

refused light duty "per a conversation with Alexandria Soto Fernandez." *Id*. Harvey

contends that the conversation did not occur. *Id*. On April 1, 2024, Harvey returned to light

duty at the Werner Terminal in Atlanta, Georgia. *Id*. She had to fill out "new-hire

paperwork per the Werner App" to return to work with Werner. *Id*. Harvey asserts that

"Werner disregarded [her] paperwork and restrictions while [she] was on workers'

compensation from a work related accident." *Id*.

## II.    JURISDICTION

This Court has jurisdiction over Harvey's Title VII claim under its federal question

jurisdiction.  28 U.S.C. § 1331; *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 515 (2006).

## III.   LEGAL STANDARD

### A. Federal Pleading Standard

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain a short and plain statement of the claim showing that the plaintiff is entitled to relief. FED. R. CIV. P. 8(a)(2). "Each allegation must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfullly-harmed-me accusation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Id.* (internal quotations omitted). A complaint must contain enough well-pleaded facts to "allow [ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Additionally, Rule 10 requires that "a party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b). These Rules, then, require a complaint—at a minimum—to set forth claims in numbered paragraphs and allege sufficient facts for a court to reasonably infer that a defendant's actions were unlawful.

### B.  Federal Rule of Civil Procedure 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain factual allegations sufficient "to raise a right to relief beyond the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to state a claim. *Ashcroft*

*v. Iqbal*, 566 U.S. 662, 678 (2009) (quoting *Twombly*, 556 U.S. at 555). The Eleventh Circuit explains that complaints must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Randall v. Scott*, 610 F.3d 701, 707 n. 2 (11th Cir. 2010) (internal quotation and citation omitted). To determine whether a plaintiff has stated a claim, the court should first "eliminate any allegations in the complaint that are merely legal conclusions" and then determine whether the well-pleaded factual allegations of the complaint—assuming their veracity—plausibly give rise to an entitlement to relief. *Amer. Dental Assoc. v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (internal quotation and citation omitted). "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting *Twombly*, 550 U.S. at 556).

### C. Pro Se Litigants

Federal courts must "show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education." *GJR Invs., Inc. v. Cnty. Of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (italics removed). A document filed pro se is "to be liberally construed," and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations omitted). Despite this leniency, a pro se plaintiff must still comply with the threshold requirements of the Federal Rules of Civil Procedure. *Beckwith v. Bellsouth Telecomms. Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005). Importantly, a district court "does not have license to rewrite a deficient pleading," and—

like complaints drafted by attorneys—a pro se complaint must be dismissed if it fails to state a claim on which relief may be granted. *See, e.g., Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008); *Albrata v. Advan, Inc.*, 490 F.3d 826, 834 (11th Cir. 2007).

## IV.    WERNER'S MOTION TO DISMISS

Pursuant to Rule 12(b)(6), Werner moves to dismiss Harvey's complaint because Harvey does not allege that she opposed or participated in activities protected by Title VII. Mot. (Doc. 16) p. 6.

## V.    ANALYSIS

Generally, Title VII makes it "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Title VII also generally prohibits retaliation against an employee for opposing "unlawful employment practices" or participating in the investigation of "unlawful employment practices." *See id.*; 42 U.S.C. § 2000e-3(a); *McCann v. Tillman*, 526 F.3d 1370, 1375 (11th Cir. 2008).

Here, Harvey appears to assert claims for discrimination and retaliation under Title VII. The undersigned examines each possible claim, in turn.

### A. Title VII Discrimination Claim

To state a discrimination claim under Title VII, a plaintiff must show that (1) she belongs to a protected class; (2) she was qualified to do the job; (3) she was subjected to adverse employment action; and (4) her employer treated similarly-situated employees

5

outside of her class more favorably. *Lewis v. City of Union City, Ga.*, 918 F.3d 1213, 1220-26 (11th Cir. 2019). At the pleading stage, a Title VII plaintiff must allege sufficient facts—based on direct or circumstantial evidence—to allow a court to draw the reasonable inference that the defendant is liable for intentional discrimination. *EEOC v. Catastrophe Mgmt. Solutions*, 852 F.3d 1018, 1023, 1026 (11th Cir. 2016). To survive a motion to dismiss a Title VII disparate treatment claim, a plaintiff "need only provide enough factual matter (taken as true) to suggest intentional . . . discrimination." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015). In other words, a plaintiff must plausibly plead "sufficient facts that the [d]efendants discriminated against [her] because of a protected trait." *Key v. Hyundai Motor Mfg., Ala., LLC*, 2021 WL 3909663, at \*9 (M.D. Ala. Aug. 31, 2021).

Here, Harvey does not allege any facts to suggest that Werner discriminated against her because of a protected trait. As best the undersigned can tell, Harvey contends that she was fired around March 11, 2024, when she was released from surgery for "light duty" and was then rehired on April 1, 2024. These allegations support the conclusion that Harvey was terminated based on a miscommunication or missing communication about her medical status and not because of a protected trait such as race, color, sex, national origin, or religion. Further, Harvey does not allege any facts suggesting that Werner treated her differently than other similarly-situated employees who do not share her unidentified protected trait. As such, Harvey fails to allege facts sufficient to state a Title VII claim for discrimination.

**B. Title VII Retaliation Claim**

To state a Title VII retaliation claim, a plaintiff must show that (1) she engaged in a statutorily protected activity; (2) she suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse employment action. *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008). Thus, to state a Title VII retaliation claim, the plaintiff must allege facts sufficient to show that she suffered a materially adverse employment action because she complained about an "unlawful employment practice." *See Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1311 (11th Cir. 2002). As with racial discrimination claims, establishing a prima-facie case of retaliation "is not onerous." *Furcron v. Mail Centers Plus, LLC*, 843 F.3d 1295, 1312 (11th Cir. 2016) (quoting *Texas Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 253 (1981)).

Here, Harvey does not allege facts sufficient to show that she engaged in statutorily protected activity. As set forth in the previous section, as best the undersigned can tell, Harvey's allegations seem to support the conclusion that she was terminated based on a miscommunication or missing communication about her medical status and not because she engaged in statutorily protected activity. Indeed, Harvey does not allege that she complained of employment discrimination, nor does she otherwise tie any such complaints to an adverse employment action. As such, Harvey fails to allege facts sufficient to state a Title VII claim for retaliation.

### C. Conclusion

Harvey's complaint fails to allege sufficient facts to state claims for Title VII discrimination or retaliation. As such, Werner's Motion to Dismiss (Doc. 15) should be granted and Harvey's complaint dismissed.

## VI.    OPPORTUNITY TO AMEND

Generally, the Eleventh Circuit requires that a pro se plaintiff be afforded at least one opportunity to amend a complaint, so long as amendment is not futile and the plaintiff has not otherwise expressed a desire not to amend. *See Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018). Here, Harvey has not indicated that she does not wish to amend her complaint, if afforded such an opportunity. Further, based on the allegations in Harvey's complaint (or lack thereof), the undersigned cannot find at this time that amendment is futile. Thus, should this Court accept the undersigned's recommendation that Werner's motion to dismiss be granted and Harvey's complaint dismissed, Harvey should be afforded an opportunity to amend her complaint to comply with the Federal Rules of Civil Procedure.

Harvey is advised that, if she files an amended complaint, it must comply with Rules 8, 10, and 11 of the Federal Rules of Civil Procedure and the following requirements:

(1) The amended complaint shall contain a section that clearly **identifies the parties in this suit**.

(2) The amended complaint shall contain a **jurisdictional section** wherein she sets forth the specific federal cause(s) of action under which she brings her claims or alleges sufficient facts to support diversity jurisdiction.

(3) The amended complaint shall contain a **section of facts** set forth in numbered paragraphs, each limited as far as practicable to a specific set of circumstances. Allegations of fact must show that Harvey is entitled to relief and must be stated in a clear, concise, and direct manner. They may not include legal argument,

legal standards, or legal conclusions. Harvey shall provide the **specific dates**, as far as practicable, on which the factual allegations occurred. Harvey shall not attach documents to the amended complaint without tying their relevance to a factual allegation.

(4) The amended complaint shall contain a **cause of action section**, wherein Harvey shall set forth the individual cause(s) of action she asserts against Werner. Within each cause of action, Harvey shall identify the statute under which the claim is brought. And for each cause of action alleged, Harvey must set forth the factual allegations about Werner's conduct supporting that specific cause of action. Werner should not incorporate by reference previous paragraphs within the complaint. Harvey is advised that, should she wish to bring Title VII claims for discrimination and retaliation, those claims should be pleaded in two separate counts, with each count providing the appropriate facts supporting the elements of the claim.

(5) The amended complaint shall contain a **section stating the relief that Harvey seeks** against Werner.

(6) Harvey shall attach her EEOC charge of discrimination and her EEOC right-to-sue letter to her amended complaint.

(7) Harvey is encouraged to consult the section of the Court's website entitled "Representing Yourself": https://www.almd.uscourts.gov/representing-yourself.

**Harvey is advised that her amended complaint, should she file one, will take the place of her complaint. Harvey is therefore advised that the Court will not consider any allegations in her original complaint. Harvey is further advised that Werner will have an opportunity to move to dismiss the amended complaint, should she file one. Thus, she should consider the arguments raised in Werner's motion to dismiss when drafting the amended complaint.**

**Finally, Harvey is warned that her failure to file an amended complaint, if afforded the opportunity to do so, will result in a recommendation that this case be dismissed for failure to prosecute this action and/or for failure to abide by orders of the Court.**

## VII.    CONCLUSION

For the reasons set forth above, the undersigned Chief United States Magistrate Judge

RECOMMENDS that Werner's Motion to Dismiss (Doc. 15) be GRANTED and that Harvey's complaint (Doc. 1) be DISMISSED. Should this Court adopt this recommendation, the undersigned further

RECOMMENDS that this Court afford Harvey an opportunity to file an amended complaint that complies with the Federal Rules of Civil Procedure and the directives contained within this Recommendation. Finally, it is

ORDERED that the parties shall file any objections to this Recommendation **on or before February 19, 2025**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 5th day of February, 2025.


Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE