IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

LISA DIANE HARVEY,  )
                    )
    Plaintiff,      )
                    )
    v.              )      CASE NO. 2:24-cv-00301-BL
                    )
WERNER ENTERPRISES, )
                    )
    Defendant.      )

## **ORDER**

*Pro se* Plaintiff Lisa Diane Harvey initiated this action on May 20, 2024. (Doc. 1). Harvey filed the operative complaint, her fourth amended complaint, on July 22, 2025. (Doc. 43). The Defendant, Werner Enterprises, filed a motion to dismiss the complaint on July 28, 2025. (Doc. 44). On October 6, 2025, the Magistrate Judge recommended that the court grant the motion to dismiss and dismiss Harvey's complaint without further leave to amend. (Doc. 52). Harvey filed an objection to the Recommendation. (Doc. 53).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district judge must "make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3)

("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objective to."). A district court's obligation to "make a de novo *determination* of those portions of the report or specified proposed findings or recommendations to which objection is made" requires a district judge to "give *fresh consideration* to those issues to which specific objection has been made by a party." *United States v. Raddatz*, 447 U.S. 667, 673, 675 (1980) (internal quotations and citations omitted) (emphasis in *Raddatz*).

Harvey's objection to the Magistrate Judge's Recommendation is that her unstable mental state—due in part to this lawsuit—is what caused her to be unable to comply with the rules of civil procedure and to delay in applying for the court's pro se assistance program, and that her mental state of anxiety and depression (for which she takes medication and receives other treatment) makes her incompetent under Federal Rule of Civil Procedure 17(c) and thus entitled to "protection" from the court. (Doc. 53).

On April 30, 2025, in support of a motion for a continuance, Harvey explained her mental health treatment (including medication and therapy), her other health issues, and attached relevant exhibits. (Doc. 33). On August 12, 2026, after the Defendant filed a motion to dismiss her fourth amended complaint, Harvey filed forms requesting for the first time to participate in the pro se assistance program. (Docs. 46, 47, 49). In her response to the motion to dismiss, Harvey cited "emotional

distress" as a reason for her failure to comply with the court's directions in amending her pleading. (Doc. 48 at 2, 4). She also repeatedly stated that she previously lacked knowledge on how to proceed pro se but that she had since been educated. (Doc. 48 at 4).

In its non-binding opinion in *McLean v. GMAC Mortg. Corp.*, 398 F. App'x 467, 470 (11th Cir. 2010), the Eleventh Circuit considered whether it was error for the district court not to *sua sponte* appoint a guardian ad litem for a pro se litigant under Federal Rule of Civil Procedure 17(c). The court held that it was not error, reasoning:

> there is insufficient evidence in the record that would alert the district court to any issue regarding Ms. McLean's competence. The McLeans did request several continuances to allow Ms. McLean to recover from psychological stress. However, psychological and mental stress is not the equivalent of incompetence to proceed in court. The court transcripts show that Ms. McLean understood the proceedings and was capable of protecting her interests.

*Id.* Here, there is nothing in the record to suggest that Harvey does not appreciate the weight of this litigation or is incapable of protecting her interests. She has filed numerous motions and has, at times, obtained relief. (*See, e.g.*, docs. 36, 37).

Although Harvey has provided evidence to support the fact that she is receiving mental health treatment, there is nothing in the record connecting her condition or treatment to her inability to file a valid pleading, especially in light of the court's clear directions to her in that regard. *See Mathis v. CSX Transportation*,

3

No. 21-12527, 2022 WL 414395, at *3 (11th Cir. Feb. 11, 2022) ("[The pro se litigant's] excuses for his failure to comply with the service rules—a general misunderstanding of the litigation process and mental health issues—were not "outside factor[s]" that "prevented service."); *Pouyeh v. Pub. Health Tr. of Jackson Health Sys.*, No. 24-10988, 2025 WL 2319399, at *3 (11th Cir. Aug. 12, 2025) ("[E]ven *pro se* litigants are required to comply with applicable procedural rules.").

Because Harvey fails to identify an error in the Magistrate Judge's factual findings or legal conclusions, the court **OVERRULES** her objection.  The court agrees with the reasoning set forth in the Recommendation and finds that Harvey's fourth amended complaint is due to be dismissed.

After careful review of the file and upon consideration of the Recommendation of the Magistrate Judge, the court **OVERRULES** the objection (doc. 53), **ADOPTS** the Recommendation (doc. 52), and **DISMISSES** this action with prejudice.

The court will enter a separate final judgment.

**DONE** and **ORDERED** on this the 17th day of March, 2026.

BILL LEWIS
UNITED STATES DISTRICT JUDGE

4